IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB DUFFEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0187-B |
| | § | |
| COLLECTO, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Jacob Duffee against Collecto, Inc., a debt collection agency doing business as EOS, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and for intentional infliction of emotional distress under Texas law. On January 19, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 27, 2012 and February 3, 2012. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e).

II.

Plaintiff incurred a $731.63 debt as a customer of AT&T Mobility. (*See* Plf. Compl. at 2, ¶¶ 6, 7; Mag. J. 1st Interrog. #3-4). When plaintiff failed to pay the debt, his delinquent account was assigned to defendant for collection. (*See* Plf. Compl. at 2, ¶ 8). Defendant then sent plaintiff a letter indicating the amount due and explaining how to pay the debt. (*See* Plf. Compl. at 2, ¶ 11; Mag. J. 2d Interrog. #1(a)). On or about December 14, 2011, plaintiff placed a telephone call to defendant, at which time he was told that a $131.69 collection fee would be waived if he closed the account by paying the amount due, plus a $15.00 processing fee, over the phone by debit or check. (*See* Mag. J. 1st Interrog. #4; Mag. J. 2d Interrog. #1(a)). If payment by debit or check was not received by the end of the month, plaintiff was told that the delinquency would be reported to credit reporting agencies. (*Id.*). Plaintiff did not pay the $15.00 processing fee. (*See* Mag. J. 2d Interrog. #3). Instead, he filed this action in federal district court alleging violations of the FDCPA and intentional infliction of emotional distress. (*See* Plf. Compl. at 2-3, ¶¶ 18-23, 24-27).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff alleges that defendant violated section 1692e of the FDCPA by informing him that "at this stage of delinquency [he] could not mail in a payment, that he could only pay over the phone with a debit or checking account" to avoid an adverse report to a credit bureau. (*See* Mag. J. 2d Interrog. #1(a)) (internal quotations omitted). Plaintiff further alleges that defendant "knowingly added an unauthorized processing fee of $15 to the amount of the debt owed." (*See* Mag. J. 2d Interrog. #1(b)) (internal quotations omitted). Although plaintiff generally complains about the tactics employed by defendant, his pleadings do not identify any "false, deceptive, or misleading representation or means" used by defendant to collect this debt. *See* 15 U.S.C. § 1692e. Instead, plaintiff appears to fault defendant for threatening to report his delinquent account to a credit reporting agency if he did not pay the amount owed, together with a $15.00 processing fee, over the phone by debit or check. It is not an unfair debt collection practice to inform a debtor that his failure to pay a debt will result in the report of truthful information to a credit reporting agency. Similarly,

the application of a $15.00 processing fee to close a delinquent account -- in lieu of a heftier $131.69 collection fee -- is not a false, deceptive, or misleading collection practice.

C.

Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt[,]" including the collection of interest, fees, charges, or expenses incidental to the principal obligation "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). Although plaintiff alleges that the $15.00 processing fee was not expressly authorized by the agreement creating the debt or permitted by law, (*see* Mag. J. 2d Interrog. #2), such fee is not a "means to collect or attempt to collect [a] debt." Rather, the processing fee is a charge for closing plaintiff's delinquent account. (*See* Mag. J. 2d Interrog. #3). Plaintiff could either pay the $15.00 processing fee or, if he did not pay the account by debit or check over the phone, a $131.69 collection fee. Either way, plaintiff has failed to allege any facts that amount to an unfair or unconscionable collection practice under section 1692f.

D.

Plaintiff also alleges that defendant violated section 1692g of the FDCPA, which provides, in pertinent part:

> If the consumer notifies the debt collector in writing within [30 days after receipt of notice] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period . . . unless the consumer has

> notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b). In his complaint, plaintiff alleges that threats by defendant to report his delinquent account to credit reporting agencies at the end of the month "overshadowed [his] right to dispute or validate the debt within the 30 day period." (*See* Plf. Compl. at 3, ¶ 21). However, plaintiff never notified defendant that the debt was disputed or requested the name and address of the original creditor. (*See* Mag. J. 2d Interrog. #4). Without such notification or request, defendant had every right to continue collection efforts and, if necessary, report the delinquent account to credit bureaus. *See Agu v. Rhea*, No. 09-CV-4732-JS-AKT, 2010 WL 5186839 at *5 (E.D.N.Y. Dec. 15, 2010), *citing Jackson v. Genesys Credit Management*, No. 06-61500-CIV, 2007 WL 2113626 at *3 (S.D. Fla. Jul. 23, 2007) (absent timely demand under section 1692g(b), nothing precludes debt collector from reporting debt to credit agencies).

E.

Nor has plaintiff stated a claim for intentional infliction of emotional distress. To plead such a claim, plaintiff must allege facts which, if proved, show that defendant intentionally or recklessly engaged in extreme and outrageous conduct that caused him severe emotional distress. *See Cantu v. Rocha*, 77 F.3d 795, 810 (5th Cir. 1996); *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993). Although plaintiff generally alleges that the conduct of defendant was "outrageous in character" and "extreme in degree," such that he suffered "anger, anxiety, emotional distress, fear and frustration[,]" (*see* Plf. Compl. at 2-3, ¶¶ 16, 25), his complaint and interrogatory answers do not contain any facts to support those assertions.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE